T.C. Memo. 2003-33

UNITED STATES TAX COURT

SCOTT DAVID DUBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6765-02.                Filed February 13, 2003.

Scott David Duby, pro se.

<u>Robert B. Taylor</u>, for respondent.

MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  Respondent determined a
deficiency of $2,310 in petitioner's 1999 Federal income tax
liability.  The issue for decision is whether petitioner is
entitled to dependency exemption deductions for his three
children on his 1999 income tax return (tax return).  Unless
otherwise indicated, all section references are to the Internal

Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Scott David Duby (petitioner) and Monica Aguirre Duby (Aguirre) were divorced on May 27, 1997, pursuant to the Decree of Dissolution of Marriage (divorce decree) issued by the Superior Court of the State of Arizona in and for the County of Maricopa (divorce court). The divorce decree provides that Aguirre receive sole legal and physical custody of the three children: Victoria Amber Duby, born July 5, 1985 (Victoria); Christopher Scott Duby, born November 1, 1988 (Christopher); and Monica Andrea Duby, born July 1, 1993 (Monica) (collectively, the children). In support of the custody award the divorce decree recites that during prior separation petitioner did little to seek out and exercise visitation on his own and that the children complained that petitioner did not return their telephone calls. The divorce court concluded that awarding custody to Aguirre was in the children's best interest.

The divorce decree provides for Aguirre to claim Victoria as a dependent. Under the divorce decree petitioner may become entitled to claim Christopher and Monica as dependents "provided he is current in his child support obligation for that year and child support arrearage payments on December 31 of the applicable year". The divorce decree states that if petitioner satisfies

his current child support and child support arrearage obligations, Aguirre "shall execute the necessary I.R.S. forms to transfer the exemption" to petitioner.

Subsequently, on July 1, 1999, there was an evidentiary hearing concerning custody at which petitioner was present and represented by counsel, but Aguirre was neither present nor represented by counsel. After this hearing the divorce court issued an order in open court on September 10, 1999, nunc pro tunc to July 27, 1999 (temporary child custody order), granting temporary custody of the children to petitioner. The temporary child custody order states that "apparently, the Mother [Aguirre], has taken the children, and he [petitioner] is not able to exercise his visitation at the present time", and that Aguirre was in violation of a prior visitation order.[1]

On his 1999 Federal income tax return, petitioner claimed dependency exemption deductions for the three children. He did not attach to that tax return a copy of Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any statement conforming to the substance of Form 8332.

---

[1] Petitioner contends that Aguirre is involved with a cult and has abducted the children to Mexico. These allegations are not disputed by respondent. However, this Court is a court of limited jurisdiction. Sec. 7442. "We may only exercise jurisdiction to the extent expressly permitted by Congress." Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). A remedy for the alleged abduction of petitioner's children is beyond this Court's jurisdiction, and, accordingly, we have not considered this matter further.

Respondent issued a Notice of Deficiency, dated January 11, 2002, disallowing the dependency exemption deductions claimed for the children. Petitioner filed a petition with this Court on March 26, 2002, while residing in Morristown, Arizona, and an amended petition on May 29, 2002, while residing in Phoenix, Arizona, and respondent filed his Answer to Amended Petition on June 17, 2002.

## Discussion

Generally, section 151(c)(1) allows a taxpayer to deduct an exemption amount for each child of the taxpayer who is a dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the calendar year for which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, the sons and daughters of the taxpayer. Sec. 152(a)(1).

Special rules establish which parent may claim a minor child as a dependent where the parents are divorced or separated. See sec. 152(e). Generally, if a child's parents are divorced, the child is in the custody of one or both for the year, and the parents provide over half of the child's support, the custodial parent (the parent with custody for the greatest portion of the year) is treated as having provided over half of the child's support for the year, and that parent may deduct the exemption amount with respect to such child for the year. Sec. 152(e)(1).

There is no dispute that this rule is applicable in this case. In applying section 152(e)(1) custody "will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree".  Sec. 1.152-4(b), Income Tax Regs. (emphasis added).

The "noncustodial parent" may claim the child as a dependent if any one of the following statutory exceptions is satisfied: (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child.  Sec. 152(e).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax

Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[2]

The divorce decree, in effect since 1997, granted Aguirre sole custody of the children until the divorce court granted petitioner temporary custody, in a subsequent custody decree, actually issued on September 10, 1999, and purportedly effective as of July 27, 1999.[3]  Although petitioner did not have physical custody of the children, the child custody order provided petitioner with temporary custody for the balance of the year (July 27, 1999 to Dec. 31, 1999).  Petitioner himself admitted: "I don't meet the six months criteria".  Since Aguirre had custody for the greater portion of the year, Aguirre is the custodial parent for 1999.  Accordingly, Aguirre is entitled to claim the dependency exemption deductions for the children unless one of the three exceptions in section 152 applies.  See Miller v. Commissioner, supra at 188; see also Cafarelli v.

---

[2]  Temporary regulations are entitled to the same weight as final regulations.  Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

[3]  The parties filed a Stipulation of Facts stating that the change of custody took place on July 1, 1999.  However, although the hearing was conducted on July 1, 1999, the divorce court issued the child custody order, transferring custody to petitioner, on Sept. 10, 1999, nunc pro tunc to July 27, 1999.  While stipulations are not to be set aside lightly, the Court is not bound by stipulations of fact that appear contrary to the facts disclosed by the record.  See Rule 91(e); Estate of Eddy v. Commissioner, 115 T.C. 135, 137 n.4 (2000) (citing Blohm v. Commissioner, 994 F.2d 1542, 1553 (11th Cir. 1993), affg. T.C. Memo. 1991-636).  At the earliest, the change of custody occurred on July 27, 1999.

<u>Commissioner</u>, T.C. Memo. 1994-265 (holding that because the divorce decree granted custody to the dependent children's mother, the mother was the custodial parent entitled to the dependency exemption deductions unless the noncustodial parent father met one of the three statutory exceptions).

Because petitioner did not attach to his tax return for 1999 the necessary declaration to release the dependency exemption deductions to him as the noncustodial parent, and because there was neither a multiple support agreement nor a pre-1985 instrument for the year in issue, none of the statutory exemptions in section 152(e) applies.  Therefore, petitioner is not entitled to the dependency exemption deductions for the children for 1999.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent.</u>