T.C. Summary Opinion 2005-88


UNITED STATES TAX COURT


DANNY M. AND ALICIA J. SHRADER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22071-03S.                    Filed July 14, 2005.


Danny M. and Alicia J. Shrader, pro se.

Thomas D. Travers, Kelley A. Blaine, and Shirley M. Francis,
for respondent.


COHEN, Judge:  This case was heard pursuant to the
provisions of section 7463 in effect when the petition was filed.
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.  Unless
otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,035 in petitioners' Federal income tax for 2001. Petitioner Danny M. Shrader (Shrader) did not appear at trial, was deemed in default, and will have the issue decided against him for that reason. See Rules 123(a) and 149(a). Petitioner Alicia J. Shrader (petitioner) appeared and testified. The issue for decision is whether petitioners are entitled to a dependency exemption during 2001 for Shrader's daughter, ANS.

## Background

Shrader is the former husband of petitioner and the father of ANS from a prior relationship. During 2001, ANS did not reside with petitioners at any time. During 2001, petitioners made $3,804.75 in child support payments to the State of Washington Division of Child Support on behalf of ANS. On their Form 1040, U.S. Individual Income Tax Return, for 2001, petitioners claimed a dependency exemption for ANS. In the notice of deficiency, respondent disallowed the dependency exemption, determining that Shrader was not the custodial parent of ANS during 2001 and that petitioners had not provided documentation necessary to establish their eligibility to claim her as a dependent or their provision of more than 50 percent of her total support during 2001. The explanation in the notice of deficiency stated that "the information available to the I.R.S.

[Internal Revenue Service] shows that someone else is claiming this dependent for the same tax year."

## Discussion

The record in this case is sparse. There is no evidence of a court decree or similar document involving Shrader and ANS's mother and covering the custody of ANS. Petitioner testified that she did not know where ANS resided during 2001 and did not know how much support her mother provided to her during 2001.

Section 151 provides an exemption deduction for qualified dependents of a taxpayer in computing taxable income. A child of a taxpayer is generally a dependent of the taxpayer only if the taxpayer provides over half of the child's support during the taxable year. Sec. 152(a). Because petitioner cannot prove the total amount of support for ANS provided during 2001, she cannot establish the basic qualification for the dependency exemption. See Beanco v. Commissioner, 56 T.C. 512 (1971).

The reasonable inference from the stipulation that petitioners made child support payments for ANS to the State of Washington Division of Child Support and that petitioners did not know where ANS lived during the year in issue is that Shrader was not the custodial parent of ANS. Petitioner has not suggested that any of the requirements for a noncustodial parent to claim the dependency exemption have been satisfied. See generally sec. 152(e); King v. Commissioner, 121 T.C. 245, 248-249 (2003); Duby

<u>v. Commissioner</u>, T.C. Memo. 2003-33.  On this record, petitioners are not entitled to claim ANS as a dependent during 2001.

<u>Decision will be entered</u>

<u>for respondent</u>.